FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2009 FEB 25 I P 4: 42

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

|  |  |
|---|---|
| PATRIOT TECHNOLOGIES, INC. | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:09 cv 76 LO-IDD |
| ICEWEB VIRGINIA, INC. | ) |
| Defendant. | ) |

<u>**DEFENDANT ICEWEB VIRGINIA, INC.'S ANSWER
TO COMPLAINT OF PLAINTIFF PATRIOT TECHNOLOGIES, INC.
AND COUNTERCLAIM AGAINST PATRIOT TECHNOLOGIES, INC.**</u>

COMES NOW Defendant Iceweb Virginia, Inc., ("Iceweb Virginia") by counsel, and for

its Answer to the Complaint states as follows:

1.      With respect to paragraph 1 of the Complaint, Iceweb Virginia lacks knowledge

sufficient to form a belief about the truth of the allegation that Patriot Technologies, Inc.

("Patriot") is a Maryland corporation and therefore denies same. Iceweb Virginia admits that

Patriot provides information technology security solutions.

2.      Iceweb Virginia denies it is a Delaware corporation and denies its principal place

of business is in Herndon, Virginia. Iceweb Virginia denies that it is a provider of hosted

software applications and network infrastructure.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no answer is

required. To the extent an answer is required, paragraph 3 is admitted.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, paragraph 4 is admitted.

5.      Paragraph 5 of the Complaint is admitted.

6.      With respect to Paragraph 6 of the complaint, Iceweb Virginia admits that Patriot provided some of the services ordered by Iceweb Virginia. To the extent paragraph 6 is inconsistent with the foregoing statement, paragraph 6 is denied.

7.      With respect to paragraph 7, Iceweb Virginia admits that Patriot provided services and products from time to time to Iceweb Virginia and rendered invoices to Iceweb Virginia. Iceweb Virginia is without knowledge as to whether Patriot provided these services, products, and invoices between the referenced dates. Any allegations inconsistent with the foregoing statements are denied.

8.      Paragraph 8 is denied. From time to time payment accomodations have been extended by Patriot to Iceweb Virginia.

9.      With respect to paragraph 9, Iceweb Virginia admits that it has failed to pay certain invoices but denies that the delinquent principal balance owed to Patriot is $972,123.69.

10.      With respect to paragraph 10 of the Complaint, the referenced contract or contracts have not been provided in connection with this lawsuit. Iceweb Virginia lacks knowledge sufficient to form a belief about the truth of the allegations regarding a contract or contracts without being provided same and therefore states that said contract or contracts speak for themselves. Any allegations in paragraph 10 inconsistent with the foregoing are denied.

11.      In answer to paragraph 11, Iceweb Virginia re-alleges its answers to paragraphs 1 through 10 of the Complaint.

12.     Paragraph 12 of the Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, paragraph 12 is denied.

13.     With respect to paragraph 13 of the Complaint, Patriot performed its duties from time to time and at other times did not do so. Any allegation in paragraph 13 inconsistent with the foregoing statement is denied.

14.     Paragraph 14 of the Complaint is denied.

15.     Paragraph 15 of the Complaint is denied.

16.     By way of affirmative defense, Patriot materially breached its contract or contracts with Iceweb Virginia prior to any breach or breaches by Iceweb Virginia, relieving Iceweb Virginia of the duty to perform under said contract or contracts.

17.     By way of affirmative defense, Iceweb Virginia incorporates the counterclaims below by reference.

WHEREFORE Defendant, Iceweb Virginia, Inc., requests that the Complaint be dismissed with prejudice; that it be awarded its costs in this behalf expended; and that it be awarded such other relief as the Court deems appropriate.

3

## DEFENDANT/COUNTERPLAINTIFF ICEWEB VIRGINIA, INC.'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTERDEFENDANT PATRIOT TECHNOLOGIES, INC.

COMES NOW Defendant/Counterplaintiff Iceweb Virginia, Inc., ("Iceweb Virginia") by counsel, and for its Counterclaim against Plaintiff/Counterdefendant Patriot Technologies, Inc. ("Patriot") states as follows:

### FACTS COMMON TO BOTH COUNTS OF COUNTERCLAIM

18.    The Answer above is incorporated into both counts of this Counterclaim as though fully set forth herein.

19.    This Counterclaim arises out of the transaction or occurrence that is the subject matter of the Complaint herein, pursuant to Rule 13, *Federal Rules of Civil Procedure.*

20.    Iceweb Virginia and Patriot were parties to a business relationship for some time, pursuant to which Patriot was privy to both Iceweb's financiers and Iceweb's customers.

21.    Patriot, being possessed of this information, was in a position to either protect its relationship with Iceweb Virginia or abuse the relationship. Patriot elected to abuse the relationship, as is further revealed in the counts of this counterclaim which follow.

### COUNT I - INTERFERENCE WITH ICEWEB VIRGINIA'S CONTRACTUAL RELATIONSHIPS WITH SAND HILL FINANCE

22.    Paragraphs 1 through 21 above are incorporated into this Count I of the Counterclaim.

23.    Iceweb Virginia enjoys a contractual relationship with Sand Hill Finance, LLC ("Sand Hill"). Sand Hill provides accounts receivable financing to Iceweb Virginia, which is commonly referred to as a factoring relationship.

4

24.    In Sand Hill's capacity as Iceweb Virginia's factor, Sand Hill agents were introduced to Patriot.

25.    The introduction of Sand Hill agents to Patriot was intended to facilitate extensions of credit by Patriot to Iceweb Virginia.

26.    In connection with these extensions of credit by Patriot to Iceweb Virginia, Sand Hill provided certain assurances to Patriot. These assurances were very limited in scope.

27.    Patriot knew at all relevant times and knows that these assurances were limited in scope and knew that Patriot had and has no basis to look to Sand Hill to recover any funds arising from extensions of credit to Iceweb Virginia by Patriot.

28.    Notwithstanding Patriot's knowledge that it could not look to Sand Hill directly, because Sand Hill is not a guarantor of Iceweb Virginia debt, but is only a factor, Patriot nonetheless sued Sand Hill in Maryland state court in Frederick, Maryland.

29.    Patriot sued Sand Hill with the clear intention of interfering with Iceweb Virginia's factoring relationship with Sand Hill, in the hopes that Patriot could leverage Iceweb Virginia through Sand Hill in order to secure advantageous payment terms in an extremely difficult economic environment.

30.    Patriot's litigation brought against Sand Hill was and is expressly intended to interfere with Iceweb Virginia's contractual relations with Sand Hill.

31.    As a direct result of Patriot's litigation against Sand Hill and Patriot's strong arm tactics in dealing with Sand Hill, Sand Hill has severely limited its contractual relations with Iceweb Virginia.

5

32.   Patriot has wilfully, wantonly, and maliciously interfered with Iceweb Virginia's contractual relations with Sand Hill.

33.   Patriot specifically intended, in interfering with Iceweb Virginia's contractual relations with Sand Hill, to bring pressure upon Iceweb by cutting off Iceweb Virginia's "oxygen" and Iceweb Virginia's "life blood," its factoring relationship with Sand Hill.

34.   Patriot has used improper means in interfering with Iceweb Virginia's contractual relationship with Sand Hill, including the institution of unwarranted and possibly frivolous litigation against Sand Hill, maligning Iceweb Virginia to Sand Hill, and interfering with Iceweb's contractual relations with its suppliers, as stated in the second count of this counterclaim.

35.   Patriot's interference with Iceweb Virginia's contractual relations has resulted in substantial damage to Iceweb Virginia. Iceweb Virginia is effectively unable to continue conducting business in the ordinary course because of the destruction of its factoring relationship with Sand Hill. Iceweb Virginia believes its damages are at least US $1,000,000.00.

36.   Because of the wilfullness of Patriot's interference, it should be punished.

WHEREFORE, Iceweb Virginia, Inc. requests an award of compensatory damages against Patriot Technologies, Inc. of US $1,000,000.00, punitive damages of US $350,000.00, and its costs in this behalf expended.

6

## COUNT II - INTERFERENCE WITH ICEWEB VIRGINIA'S CONTRACTUAL RELATIONSHIPS WITH LOGLOGIC AND IBM

37.     Paragraphs 1 through 36 above are incorporated into this Count II of the Counterclaim.

38.     Iceweb Virginia enjoyed a contractual relationship with the International Business Machines Corporation and one or more of its subsidiaries ("IBM"). Pursuant to this relationship, IBM appointed Iceweb Virginia as an authorized reseller of IBM goods and services.

39.     Iceweb Virginia enjoyed a contractual relationship with LogLogic, Inc, and possibly one or more of its subsidiaries ("LogLogic"). Pursuant to this relationship, LogLogic appointed Iceweb Virginia as an authorized reseller of LogLogic goods and services.

40.     Iceweb Virginia's relationship with Patriot resulted in Patriot coming to know of Iceweb's contractual relationship with both IBM and LogLogic.

41.     When Patriot interfered with Iceweb Virginia's contractual relationships with Sand Hill, Patriot realized that it had also succeeded in compromising Iceweb Virginia's relationships with IBM and LogLogic.

42.     When Patriot caused Sand Hill to stop factoring Iceweb Virginia invoices, IBM and LogLogic were unable to be paid by Iceweb Virginia.

43.     Rather than standing to the side in the hopes that Iceweb Virginia would be able to protect its relationship with IBM and LogLogic, Patriot immediately stepped in and interfered with these contractual relationships, taking Iceweb Virginia's business with IBM and LogLogic.

44.     Patriot has wilfully, wantonly, and maliciously interfered with Iceweb Virginia's contractual relations with IBM and LogLogic.

45.     Patriot specifically intended, in interfering with Iceweb Virginia's contractual relations with IBM and LogLogic, to bring pressure upon Iceweb and to enrich Patriot.

46.     Patriot has used improper means in interfering with Iceweb Virginia's contractual relationship with IBM and LogLogic, including the institution of unwarranted and possibly frivolous litigation against Sand Hill, maligning Iceweb Virginia to Sand Hill, interfering with Iceweb's contractual relations with Sand Hill, maligning Iceweb Virginia to IBM and to LogLogic, and using confidential and otherwise protected and sensitive information concerning Iceweb Virginia's relationships with IBM and LogLogic to benefit Patriot and injure Iceweb Virginia.

47.     Patriot's interference with Iceweb Virginia's contractual relations has resulted in substantial damage to Iceweb Virginia. Iceweb Virginia is effectively unable to continue conducting business in the ordinary course in part because of the destruction of its supplier relationships with IBM and LogLogic. Iceweb Virginia believes its damages are at least US $1,000,000.00.

48.     Because of the wilfullness of Patriot's interference, it should be punished.

WHEREFORE, Iceweb Virginia, Inc. requests an award of compensatory damages against Patriot Technologies, Inc. of US $1,000,000.00, punitive damages of US $350,000.00, and its costs in this behalf expended.

8

Respectfully submitted,

Date: February 25, 2009

Ira S. Saul, Esq., VSB # 14771
Counsel for Defendant
Iceweb Virginia, Inc.
IRA S. SAUL, PLC
Office Address:
4126 Leonard Drive
Fairfax, Virginia 22030-5118
Mailing Address:
P.O. Box 3446
Fairfax, Virginia 22038-3446
email: ira@saulaw.com
(703) 273-8840
fax: (703) 273-8842

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2009, a copy of the foregoing Answer and Counterclaim was transmitted by facsimile and mailed by first class mail, postage prepaid to

Susanne Harris Carnell, Esq.
Michael J. Lorenger, Esq.
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314

Daniel E. Farrington, Esq.
The Farrington Law Firm, LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, Maryland 20814

Ira S. Saul

9